Andrew B. Downs, SBN 111435
E-mail: andy.downs@bullivant.com
Ann K. Johnston, SBN 145022
E-mail: ann.johnston@bullivant.com
Ted A. Smith, SBN 159986
E-mail: ted.smith@bullivant.com
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA 94104
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Defendant Lexington Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARUSO MANAGEMENT COMPANY, LTD., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>LEXINGTON INSURANCE COMPANY,<br><br>Defendant. | No. 2:24-cv-09449-FMO-PD<br><br>**ANSWER OF LEXINGTON INSURANCE COMPANY**<br><br>**DEMAND FOR TRIAL BY JURY** |

Defendant Lexington Insurance Company ("Lexington") answers the Complaint on file as follows:

1. Answering paragraph 1, Lexington admits The Commons at Calabasas is owned by The Commons at Calabasas, LLC and managed by Caruso Management Company, Ltd. (the "Caruso parties"). Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

2. Answering paragraph 2, Lexington admits the Caruso parties on or about May 27, 2015 reported a claim to Lexington for alleged damage to the Commons at Calabasas. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

3. Lexington denies each and every allegation contained in paragraph 3.

4. Answering paragraph 4, Lexington alleges it makes allegations regarding matters protected by the statutory mediation privilege and protected by a "White Waiver" agreement, both of which are immaterial, impertinent, and scandalous. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

5. Answering paragraph 5, Lexington admits it denied coverage on or about July 1, 2024 because the losses claimed by the Caruso parties are not covered by the Lexington policy. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

6. Answering paragraph 6, Lexington admits the Caruso parties seek a declaratory judgment to which they are not entitled. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

7. Lexington lacks sufficient information and belief to either admit or deny the allegations contained in paragraph 7, and on that basis, it denies each and every allegation contained in that paragraph.

8. Lexington admits the allegations contained in paragraph 8.

9. Lexington lacks sufficient information and belief to either admit or deny the allegations contained in paragraph 9, and on that basis, it denies each and every allegation contained in that paragraph.

10. Answering paragraph 10, Lexington admits it is a corporation incorporated in Delaware with its Administrative Office in Massachusetts, and that it issued policy number 020412905 to Caruso Management Company, Ltd.

and various other entities, for the policy period from July 15, 2014 to July 15, 2015. Lexington issues policies in California as an eligible surplus lines insurer. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

11. Answering paragraph 11, Lexington is informed and believes that diversity jurisdiction exists for this matter, and so admits. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

12. Answering paragraph 12, Lexington admits the amount in controversy is in excess of $75,000, not including interest and costs. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

13. Answering paragraph 13, Lexington admits venue in the Central District of California is proper because the property at issue is located in this District. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

14. Answering paragraph 14, Lexington admits the Commons at Calabasas is an outdoor shopping center in Calabasas, California which the Caruso parties have represented they have operated since its opening. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

15. Answering paragraph 15, Lexington admits it issued policy number 020412905 to Caruso Management Company, Ltd. and various other entities, for the policy period from July 15, 2014 to July 15, 2015, the terms of which speak for themselves. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

16. Lexington denies each and every allegation contained in paragraph 16.

17. Lexington denies each and every allegation contained in paragraph 17.

18. Answering paragraph 18, Lexington admits the Caruso parties retained Geokinetics, and that since 2015 the Caruso parties have notified Lexington of other instances of claimed damage. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

19. Answering paragraph 19, Lexington admits the Caruso parties retained Kleinfelder to investigate damage at the Commons at Calabasas at least as early as 2009. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

20. Lexington denies each and every allegation contained in paragraph 20.

21. Lexington denies each and every allegation contained in paragraph 21.

22. Lexington lacks sufficient information and belief to either admit or deny the allegations contained in paragraph 22, and on that basis, it denies each and every allegation contained in that paragraph.

23. Answering paragraph 23, Lexington admits Kleinfelder issued an addendum to its 2016 report, but neither admits nor denies the content of that addendum. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

24. Answering paragraph 24, Lexington admits it made good faith payments to the Caruso parties in connection with the claim for the Rite Aid store. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

25. Lexington denies each and every allegation contained in paragraph 25.

26. Answering paragraph 26, Lexington admits that at some point it was notified of damage at a Kate Spade store. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

27. Answering paragraph 27, Lexington admits there was correspondence between counsel for the Caruso parties and the independent adjuster in February 2019 about a meeting to resolve the claim. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

28. Lexington lacks sufficient information and belief to either admit or deny the allegations contained in paragraph 28, and on that basis, it denies each and every allegation contained in that paragraph.

29. Lexington denies each and every allegation contained in paragraph 29.

30. Lexington denies each and every allegation contained in paragraph 30.

31. Lexington denies each and every allegation contained in paragraph 31.

32. Lexington denies each and every allegation contained in paragraph 32.

33. Answering paragraph 33, Lexington admits it was informed of a claim involving units F5 and H6. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

34. Lexington denies each and every allegation contained in paragraph 34.

35. Lexington denies each and every allegation contained in paragraph 35.

36. Lexington denies each and every allegation contained in paragraph 36.

37. Lexington denies each and every allegation contained in paragraph 37.

38. Answering paragraph 38, Lexington admits that during the time frame referenced the parties engaged in privileged and confidential settlement discussions, and further that Lexington retained the engineering firm of Wiss Janney Elster Associates. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

39. Lexington denies each and every allegation contained in paragraph 39.

40. Answering paragraph 40, Lexington admits that Wiss Janney requested certain documents from the Caruso parties. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

41. Answering paragraph 41, Lexington admits it made information requests. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

42. Lexington denies each and every allegation contained in paragraph 42.

43. Answering paragraph 43, Lexington admits that during the time frame referenced the parties engaged in privileged and confidential settlement discussions in the context of which the parties exchanged information. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

44. Answering paragraph 43, Lexington admits that during the time frame referenced the parties engaged in privileged and confidential settlement discussions. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

45. Answering paragraph 45, Lexington admits that on July 1, 2024 it denied coverage for the claimed damage to units F5 and H6. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

46. Lexington denies each and every allegation contained in paragraph 46.

47. Lexington denies each and every allegation contained in paragraph 47, and further denies that the Caruso parties have been damaged in any amount.

48. Lexington denies each and every allegation contained in paragraph 48.

49. Answering paragraph 49, Lexington realleges and incorporates by reference each of its admissions, denials, and allegations made in response to paragraphs 1 through 48, as if set forth in full at this point.

50. Answering paragraph 50, Lexington admits it issued policy number 020412905 to Caruso Management Company, Ltd. and various other entities, for the policy period from July 15, 2014 to July 15, 2015, the terms of which speak for themselves. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

51. Answering paragraph 51, Lexington admits the terms of the policy speaks for itself. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

52. Lexington denies each and every allegation contained in paragraph 52.

53. Lexington denies each and every allegation contained in paragraph 53.

54. Lexington denies each and every allegation contained in paragraph 54.

55. Lexington denies each and every allegation contained in paragraph 55.

56. Answering paragraph 56, Lexington realleges and incorporates by reference each of its admissions, denials, and allegations made in response to paragraphs 1 through 55, as if set forth in full at this point.

57. Answering paragraph 57, Lexington admits it issued policy number 020412905 to Caruso Management Company, Ltd. and various other entities, for the policy period from July 15, 2014 to July 15, 2015, the terms of which speak for themselves. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

58. Answering paragraph 58, Lexington alleges it contains conclusions of law to which no answer is required. To the extent, if any, that an answer is required, Lexington denies each and every allegation contained in that paragraph.

59. Lexington denies each and every allegation contained in paragraph 59.

60. Lexington denies each and every allegation contained in paragraph 60.

61. Lexington denies each and every allegation contained in paragraph 61.

62. Lexington denies each and every allegation contained in paragraph 62.

63. Answering paragraph 63, Lexington realleges and incorporates by reference each of its admissions, denials, and allegations made in response to paragraphs 1 through 62, as if set forth in full at this point.

64. Answering paragraph 64, Lexington admits there is an actual controversy because the losses claimed by the Caruso parties are not covered by

the Lexington policy. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

65. Answering paragraph 65, Lexington admits that the losses claimed by the Caruso parties and the losses which all parties anticipate being asserted in the future all constitute a single occurrence. Save as so admitted, Lexington denies each and every allegation contained in that paragraph.

66. Lexington denies each and every allegation contained in paragraph 66.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each count within it, fails to state a claim for relief against Lexington.

### SECOND AFFIRMATIVE DEFENSE

Lexington claims the benefit and protection of the provisions of the policy of insurance, whether or not they are the subject of a more specific affirmative defense.

### THIRD AFFIRMATIVE DEFENSE

Lexington claims the benefit and protection of all deductible, limit of liability, sublimit of liability, or similar provisions in the policy of insurance, whether or not they are the subject of a more specific affirmative defense.

### FOURTH AFFIRMATIVE DEFENSE

This action is barred by operation of the suit time limit contained in any applicable policy.

### FIFTH AFFIRMATIVE DEFENSE

The damage claimed by the Caruso parties first manifested prior to the inception of the 2014-2015 policy, at least as early as 2000.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the known loss doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred because they did not give timely notice of loss until years after the damage first manifested.

### EIGHTH AFFIRMATIVE DEFENSE

The Lexington policy provides it does not insure:

> B. against the cost of making good defective design or specifications, faulty material, or faulty workmanship, however, this exclusion shall not apply to loss or damage to covered property at the insured premises ensuing from such defective design or specifications, fault material, or faulty workmanship;

### NINTH AFFIRMATIVE DEFENSE

The Lexington policy provides it does not insure:

> A. Land and land values; however, the cost of reclaiming, restoring or repairing land improvements is not excluded. Land improvements are defined as alterations to the natural condition of land by grading, landscaping and additions to land such as pavements,

roadways, or similar works. Nevertheless, erosion or graded planted finish or rough grades which result from normally expected or predictable precipitation and surface water runoff is excluded;

### TENTH AFFIRMATIVE DEFENSE

The Lexington policy obligates the Caruso parties to cooperate in the investigation of the loss.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent, if any, that some or all of the Caruso parties obtained recoveries from others in connection with soil conditions in the early 2000's, Lexington claims a credit for any such recoveries.

### TWELFTH AFFIRMATIVE DEFENSE

Lexington's consideration of the claim of the Caruso parties was reasonable and its claim decisions were made with proper cause.

### THIRTEENTH AFFIRMATIVE DEFENSE

There is a genuine issue regarding coverage under the policy, thus making Lexington's claim decisions reasonable.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Caruso parties have unreasonably failed to mitigate their damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Caruso parties' claim for punitive and/or exemplary damages is barred

because the California punitive damages statute is unconstitutional in that, among other things, it is void for vagueness, violative of the equal protection clause, violative of the due process clause, and violative of the Eighth Amendment proscription against excessive fines pursuant to the United States and California constitutions.

WHEREFORE, defendant Lexington Insurance Company prays for judgment as follows:

1. That plaintiffs take nothing and their Complaint, and each count within it, be dismissed with prejudice;

2. For costs of suit; and

3. For such other relief as is appropriate.

DATED:  December 12, 2024

                                                  BULLIVANT HOUSER BAILEY PC

                                                  By */s/ Andrew B. Downs*
                                                         Andrew B. Downs
                                                         Ann K. Johnston
                                                         Ted A. Smith

                                                Attorneys for Defendant Lexington Insurance Company

### DEMAND FOR TRIAL BY JURY

Defendant Lexington Insurance Company demands a trial by jury of all issues so triable.

DATED: December 12, 2024

BULLIVANT HOUSER BAILEY PC

By */s/ Andrew B. Downs*
   Andrew B. Downs
   Ann K. Johnston
   Ted A. Smith

Attorneys for Defendant Lexington Insurance Company

## STATEMENT IN LIEU OF CERTIFICATE OF SERVICE

This document will be served via the Court's CM/ECF system, thus filing counsel is unable to certify at this time that service has occurred. Should the CM/ECF e-file notice report any failures in electronic service, counsel will serve this document by another means and will file a supplemental Certificate of Service.

4931-5437-4658.1

*****